# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DEBORAH A. BARNETTE,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0471** (BOR Appeal No. 2052327)
(Claim No. 2017010221)

**CONSTELLIUM ROLLED PRODUCTS,**
**Employer Below, Respondent**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner Deborah A. Barnette, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium Rolled Products, by Alyssa A. Sloan, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on October 24, 2016. The Office of Judges affirmed the decision in its October 30, 2017, Order. The Order was affirmed by the Board of Review on April 24, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Barnette, a packing inspector, alleges that she injured her lower back on September 21, 2016, while pulling a paper rack. She sought treatment two days later by David Whitmore, D.O. His treatment note indicates she was seen for lower back pain. She was diagnosed with back sprain and lumbago. The September 23, 2016, employer's report of injury indicates Ms. Barnette alleged an injury to her back while pulling on a paper rack.

On September 27, 2016, Ms. Barnette was treated at Pleasant Valley Hospital where she reported a lower back strain four days prior. She stated that she saw her family physician the

previous week and was given medication but her pain had not improved. Examination of the back and neck was normal. The employees' and physicians' report of injury was completed on October 7, 2016, and indicates Ms. Barnette alleged an injury to her back while pulling a paper rack. Dr. Whitmore signed the physician's section and listed an occupational injury to the spinal column. A lumbar MRI was performed on October 10, 2016, and showed a minimal disc bulge at L4-5; mild bilateral stenosis at L2-3, L4-5, and L5-S1; degenerative changes in the L2-3 endplate; disc desiccation at L2-3; mild to moderate bilateral foraminal stenosis at L2-3; and mild foraminal narrowing at L4-5 and L5-S1 due to facet degenerative changes.

Ms. Barnette has a history of lower back problems. March 10, 2009, treatment notes by Dr. Whitmore indicate she reported back pain and intermittent burning in her upper back while she was working at WalMart. On March 3, 2010, she reported right lower back pain for three weeks. She stated that she does a lot of lifting at work. On April 29, 2010, Dr. Whitmore noted that Ms. Barnette still had lower back pain that had been present for two months. In August of 2011, she called Dr. Whitmore and stated that she was having worsening pain in her back and legs. She requested that he call her employer and inform them of her chronic pain and lifting problems. He recommended she limit her lifting to twenty pounds.

A lumbar MRI was performed on May 7, 2010, and showed an annual bulge at L5-S1 and L2-3. The impression was no acute process. On August 19, 2010, Ms. Barnette was seen by Dr. Whitmore for upper and lower back pain. She sought treatment at Pleasant Valley Hospital on July 28, 2015, for an injury to her toe. Her history was noted to include back pain. Finally, on November 10, 2015, Dr. Whitmore stated in a treatment note that Ms. Barnette had chronic pain symptoms of diffuse muscle pains for the past three months. It was noted that she suffered from low back pain, and she was diagnosed with fibromyalgia.

Ms. Barnette testified in a deposition on April 25, 2017, that on the day she was injured, she was pulling a paper rack when it got stuck. While trying to pull it out, she felt a pain in her lower back. She stated that the rack is very heavy. Ms. Barnette testified that someone else helped her pull the rack out of a rut in the floor, but she was unsure who. She initially thought she could walk the injury off but the pain worsened. Ms. Barnette stated that she reported the injury to her supervisor at the end of her shift. She was unable to work the following day and sought treatment. Ms. Barnette asserted that she has never had back problems before, nor has she suffered any injuries to her back. She denied any previous lower back treatment.

The claims administrator rejected the claim on October 24, 2016. The Office of Judges affirmed the decision on October 30, 2017. It found that though Ms. Barnette alleged that she injured her lower back while pulling on a paper rack on September 21, 2016, surveillance footage does not corroborate her story. The video showed no unusual behavior around the rack that would indicate she injured her back. The Office of Judges further found that Ms. Barnette asserted in her deposition that she has never had problems with her lower back before the alleged injury. However, the Office of Judges found that treatment notes show that she has been treated for lower back pain off and on since 2009. This treatment included medication, lifting restrictions and an MRI, which showed disc bulges. Ms. Barnette last sought treatment for her lumbar spine ten months before the alleged work-related injury, at which time Dr. Whitmore

2

described her condition as chronic. The Office of Judges therefore concluded that her credibility was in doubt due to her failure to report her prior lower back problems. That, along with the surveillance footage, led the Office of Judges to conclude that Ms. Barnette failed to sustain her burden of proof showing that she sustained a work-related injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 24, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Barnette was not forthcoming about her prior lower back problems. Further, review of the surveillance footage shows no indication of a lower back injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

3